UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HILMER SCHOENBAUM, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:05CV01108 ERW |
| E.I. DUPONT DE NEMOURS AND COMPANY, PIONEER HI-BRED INTERNATIONAL, INC., and MONSANTO COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Clarification and Partial Amendment of the Judgment Entered on September 20, 2007 [doc. #192] and Defendants' Motion for Clarification of the Court's September 20, 2007 Order [doc. #201].

### I. BACKGROUND

The Court adopts and reaffirms the findings of fact detailed in the Court's September 20, 2007 Memorandum and Opinion.

### II. PROCEDURAL HISTORY

In March 2004, Plaintiffs, certain individual farmers and farming entities,[1] filed thirteen respective state court class actions against Defendants Monsanto, Pioneer, and DuPont (collectively, "Defendants"). These class actions were filed in Illinois, Indiana, Iowa, Kansas,

---

[1] The named Plaintiffs will be referred to collectively as "Plaintiffs," except where a claim or argument only applies to an individual Plaintiff.

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, South Dakota, Tennessee, and Wisconsin. The parties agreed to transfer the cases to the Eastern District of Missouri and on December 20, 2005, this Court granted the parties' joint motion to consolidate the cases. In the 419-page consolidated amended complaint, Plaintiffs allege the factual basis for different damages claims against Defendants regarding the purchase of several varieties of genetically-modified crop seeds ("GM seeds") manufactured or sold by Defendants during the time period relevant to this action.

Defendants sought dismissal of the claims against them under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted; the Court issued a Memorandum and Order on September 20, 2007, dismissing with prejudice Counts 1-4, 31, 35, 45, 49, 59, 60, 64, 65, 77, 81, 82, 83, 87, 91, 101, and 105, along with "[a]ll claims of Plaintiffs, as indirect purchasers of either germplasm or any genetic trait associated therewith, except the state law claims from Iowa, Kansas, Michigan, Minnesota, Nebraska, North Dakota, South Dakota, Tennessee and Wisconsin." Now, Plaintiffs have filed a Motion for Clarification and Partial Amendment of the Judgment Entered on September 20, 2007, and Defendants have filed a Motion for Clarification of that same order.

**III. DISCUSSION**

As the Federal Rules do not allow for motions to clarify or to clarify and partially amend a judgment, the Court must construe both Plaintiffs' and Defendants' motions according to the type of relief sought. *See Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. Of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998); *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

### A. CORRECTING CLERICAL ERRORS: COUNTS 81 AND 82

The Court construes Plaintiff's Motion regarding Counts 81 and 82 as a Motion to Correct Clerical Errors under Federal Rule of Civil Procedure 60(a). This Rule deals with the correction of clerical errors or errors that arise from oversight or omission. Judgments may be corrected for the purpose of accurately reflecting "a decision that the Court actually made," and cannot be used to change something that was deliberately done by the court. *Truskoski v. ESPN*, 60 F.3d 74, 77 (2nd Cir. 1995). A motion to correct "clerical mistakes or errors" may be made "at any time." *Krispin v. May Dept. Stores Co.*, 218 F.3d 919, 925 (8th Cir 2000); *see* Fed. R. Civ. P. 60(a).

In the Court's September 20, 2007 Memorandum and Order, the Court stated on page 45, footnote 26, that "In their Motion to Dismiss, Defendants did not address Plaintiff's claims under the Nebraska Consumer Protection Act, . . . Therefore, the Court will not analyze Plaintiff's claims under this statute." The Court's Judgment, entered on that same date, enumerates a list of counts that were dismissed. This list correctly omits the Soybean Counts under the Nebraksa Consumer Protection Act (Counts 75 and 76), but an error by the Court resulted in the Corn Counts under the Nebraska Consumer Protection Act (Counts 81 and 82) being listed along with the counts that were to be dismissed. It is clear from the Court's September 20, 2007 Memorandum and Order, that the Court did not intend to dismiss Counts 81 and 82, and will amend this error by correcting the Court's judgment in accordance with Fed. R. Civ. P. 60.

### B. MOTION TO ALTER OR AMEND THE JUDGMENT: INDIRECT PURCHASER CLAIMS SEEKING EQUITABLE RELIEF

In their motion for clarification and amendment of the Court's order regarding indirect

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

purchaser claims, Plaintiffs seek a substantive alteration of the judgment. The Eighth Circuit has held that "any motion questioning the correctness of a judgment is functionally a Fed. R. Civ. P. 59(e) motion, regardless of how the motion is styled." *Innovative Home Health Care, Inc.*, 141 F.3d at 1286 (*citing Norman v. Arkansas Dept. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996)). "[T]he Rule was adopted to 'mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982) (*quoting Notes of Advisory Committee on 1946 Amendment to Rules*, 5 F.R.D. 433, 476 (1946)).

Although Fed. R. Civ. P. 59(e) does not set forth specific grounds for relief, the motion serves to correct "manifest errors of law or fact." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal citations omitted). The Court "has broad discretion in determining whether to grant a [Fed. R. Civ. P. 59(e)] motion." *Innovative Home Health Care, Inc.*, 141 F.3d at 1286 (internal citations and quotations omitted). Motions to Alter or Amend the Judgment must be filed within ten days of the entry of the judgment. Fed. R. Civ. P. 59(e).

Plaintiffs' motion was filed within 10 days of entry of judgment, and is timely. Specifically, Plaintiffs assert that the Court erred in dismissing Plaintiffs' claims for injunctive relief under Indiana, Missouri and Ohio state law. The Court's judgment states that "[a]ll claims of Plaintiffs, as indirect purchasers of either germplasm or any genetic trait associated therewith, except the state law claims from Iowa, Kansas, Michigan, Minnesota, Nebraska, North Dakota, South Dakota, Tennessee and Wisconsin are DISMISSED, without prejudice, for lack of standing." This sentence has the practical effect of dismissing claims for both money damages and injunctive

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

relief brought by purchasers in Indiana, Missouri and Ohio. Plaintiffs argue that the Court only intended to dismiss the claims for money damages brought by these purchasers, and not their claims for injunctive relief. Accordingly, Plaintiffs suggest that this sentence be revised to read, "[a]ll claims of Plaintiffs *for damages*, as indirect purchasers of either germplasm or any genetic trait associated therewith, except the state law claims from Iowa, Kansas, Michigan, Minnesota, Nebraska, North Dakota, South Dakota, Tennessee and Wisconsin are DISMISSED, without prejudice, for lack of standing."

Defendants do not dispute that the claims for injunctive relief under Missouri law should not have been dismissed, and the Court erred in dismissing these claims. *See, e.g., Campos v. Ticketmaster*, 140 F.3d 1166, 1172 (8th Cir. 1998). However, Defendants assert that the Court was correct in dismissing the claims of Indiana and Ohio purchasers for injunctive relief. Defendants argue that the claims under Indiana law should be dismissed because the state statute does not explicitly provide for injunctive relief, and that claims under Ohio law should be dismissed as the statute does not provide private parties with the ability to sue for injunctive relief.

Defendants argue that Indiana Plaintiff is not entitled to injunctive relief under the Indiana Antitrust Act[2] as the statute does not explicitly provide for injunctive relief. *See Brownsburg Community Sch. Corp. v. Natare Corp.*, 824 N.E.2d 336, 343 n.7 (Ind. 2005). However, *Brownsburg* did not address the issue of whether indirect purchasers could obtain injunctive relief, and only holds that damages are not available to indirect purchasers. *Id.* The Court is not convinced that the Indiana Antitrust Act's silence on the topic of injunctive relief mandates the conclusion that this relief is unavailable. Additionally, the Seventh Circuit has applied the Indiana

---

[2] Codified at Ind. Code § 21-1-2-1, *et seq*.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Antitrust Act and concluded that equitable relief was available under the statute. *See U.S. Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 627 (7th Cir. 2003). As a result, the claims of the Indiana Plaintiff for injunctive relief may continue and were incorrectly dismissed by the Court.

Defendants argue that Ohio's Valentine Act[3] "does not provide relief to indirect purchasers," and the Court agrees. *In re Vitamins Antitrust Litigation*, 2001 WL 34088809, at *2 (D.D.C. March 19, 2001). The language of the Valentine Act does "not grant private parties the right to institute proceedings for injunctive relief . . . the remedies provided for in the Valentine Act are exclusive." *Id.* The Court did not error in dismissing the claims of the Ohio Plaintiff for both monetary damages and injunctive relief.

## C. DEFENDANTS' MOTION FOR CLARIFICATION OF THE COURT'S SEPTEMBER 20, 2007 ORDER

In their Motion for Clarification, Defendants seek clarification of Footnote 8 of the Court's Memorandum and Order dated September 20, 2007. They wish to clarify that the Court did not intend to foreclose Defendants from arguing at the class certification stage that Plaintiffs attempt to bring a successive class action or that Plaintiffs are attempting to relitigate a previously rejected class.

As discussed previously, the Federal Rules do not provide for a Motion for Clarification. It does not appear that Defendants seek to correct a clerical error under Fed. R. Civ. P. 60(a), nor do Defendants indicate that they are entitled to relief under Fed. R. Civ. P. 60(b), which authorizes relief from the operation of a judgment "only in the most exceptional of cases." *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 496 F.3d 863, 866 (8th

---

[3] Codified at Ohio Rev. Code Ann. § 1331.01, *et seq*.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Cir. 2007). Additionally, Defendants do not question the correctness of the Court's judgment under Fed. R. Civ. P. 59(e). As a result, the Court is not obligated to respond to Defendants' motion. The Court notes, however, that the September 20, 2007 Memorandum and Order was in no way intended to preclude any issues Defendants may wish to litigate at the class certification stage.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Clarification and Partial Amendment of the Judgment Entered on September 20, 2007 [doc. #192] is **GRANTED in Part and DENIED in part.** It is **GRANTED** as to Counts 81 and 82, which are to be removed from the enumerated list of dismissed counts. It is **GRANTED** to clarify that the claims for injunctive relief from Missouri and Indiana Plaintiffs are not dismissed. It is **DENIED** in that the claims for injunctive relief brought by the Ohio Plaintiff are dismissed.

**IT IS FURTHER ORDERED** that Defendant's Motion for Clarification of the Court's September 20, 2007 Order [doc. # 201] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Partial Judgment dated September 20, 2007 [doc. #191] is **VACATED** and the Court will enter a new judgment, confirming in all respects the judgment of September 20, 2007, except as mandated by the rulings of this Memorandum and Order.

Dated this 6th day of November, 2007.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

PDF created with FinePrint pdfFactory trial version www.pdffactory.com