UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HILMER SCHOENBAUM, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 4:05CV01108 ERW |
| E.I. DUPONT DE NEMOURS & CO., et al., ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Pioneer Hi-Bred International, Inc. and E.I. DuPont De Nemours's Motion for Reconsideration of the Court's January 4, 2006 Order as it Relates to the Appointment of Milberg Weiss as Co-Interim Class Counsel [doc. #212]. The Court heard arguments from the parties on this Motion during a hearing on March 14, 2008.

**I. BACKGROUND**

Plaintiffs, certain individual farmers and farming entities, filed thirteen respective state court class actions against Defendants Monsanto, Pioneer, and DuPont. These actions were transferred to the Eastern District of Missouri and were consolidated on December 20, 2005. Plaintiffs have brought an antitrust action, alleging that in the early to mid-1990's, and continuing to the present day, Monsanto, aided by DuPont and Pioneer, devised and implemented a scheme to monopolize the genetically-modified corn seed and trait markets and the broad-spectrum-herbicide-resistant soybean and corn seed and trait markets.

On January 4, 2006, the Court issued an order designating three law firms as interim class counsel, pursuant to Fed. R. Civ. P. 23(g)(2)(A). The firms appointed as interim class counsel

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

were (1) Milberg Weiss Bershad & Schulman, LLP[1] ("Milberg Weiss"), (2) Seeger Weiss, LLP, and (3) Wolf, Haldenstein, Adler, Freeman & Herz, LLC.

In May 2006, an indictment was issued against the law firm of Milberg Weiss. Three named partners and several other individuals associated with the firm have also been indicted. The indictment alleges that Milberg Weiss paid illegal kickbacks to lead plaintiffs in other class actions. The indictment does not charge any wrongdoing in this action, and Milberg Weiss assures the Court that no wrongdoing has occurred in this action. While Milberg Weiss itself has pled not guilty, eight individuals have pled guilty.[2] Defendants now object to the appointment of Milberg Weiss as co-interim class counsel, and have brought the pending Motion.

## II. DISCUSSION

A district court has an "affirmative duty to 'renew its stringent examination of the adequacy of class representation throughout the entire course of the litigation.'" *Pigford v. Johanns*, 416 F.3d 12, 27 (D.C. Cir. 2005). This duty exists as the Court "acts as a fiduciary" and must protect the rights of both actual and putative class members.[3] *In re Fine Paper Antitrust Litigation*, 617 F.2d 22, 27 (3d Cir. 1980); *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279-80 (7th Cir. 2002).

---

[1] The name of the firm became Milberg Weiss LLP in July 2007.

[2] At the time of the hearing, only two of the named partners had pled guilty. However, on March 21, 2008, Defendants submitted a Notice to the Court. This Notice informed the Court that named partner Melvyn I. Weiss has agreed to plead guilty. Accordingly, Milberg Weiss and attorney Paul Selzer are the only remaining defendants in the case.

[3] The constitutional presumption of innocence does not apply to the pending Motion. While Milberg Weiss will have the benefit of the presumption of innocence in the criminal proceedings against it, this presumption does not apply here, where the Court has a fiduciary obligation to the class. *See In re New Motor Vehicles Canadian Export Antitrust Litigation*, 466 F.Supp 2d 364, 367-68 (D. Me. 2006).

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

When a court appoints class counsel, they must select the applicant who is "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). Appointed class counsel then bear the burden of continuing to be "best able to represent the interests of the class" as the litigation progresses. Fed. R. Civ. P. 23(g)(2); *Pigford*, 416 F.3d at 27.

Accordingly, Milberg Weiss has the burden of showing their adequacy. *See* Fed. R. Civ. P. 23(g)(2); *In re Organogenesis Securities Litigation*, 241 F.R.D. 397, 410 (D. Mass 2007). The facts demonstrate that Milberg Weiss cannot satisfy this burden, because not only is Milberg Weiss not "the only competent Counsel who can prosecute the [Plaintiffs'] claims successfully," but, given the circumstances, Milberg Weiss is also not "best able to represent the interests of the class." *In re New Motor Vehicles Canadian Export Antitrust Litigation*, 466 F.Supp 2d at 369; Fed. R. Civ. P. 23(g)(2).

While the prejudice that may be caused by removal of Milberg Weiss appears to be minimal, the potential costs of maintaining Milberg Weiss's role in this litigation are not. The Court harbors several concerns about the possible prejudice that could result were Milberg Weiss to remain co-interim class counsel. The Court is specifically concerned with the need for additional discovery as a result of the indictment, the future viability of Milberg Weiss, and "the possibility of distraction as the firm . . . struggle[s] to defeat the criminal charges." *In re Organogenesis Securities Litigation*, 241 F.R.D. at 410.

The Court agrees with Defendants that maintaining Milberg Weiss as co-interim class counsel would result in the need for additional discovery in this action. Discovery would be necessary to guarantee the protection of class members and to assure the Court of no wrongdoing in this action. *See In re Chiron Corp. Securities Litigation*, 2007 WL 4249902, at *15-16 (N.D.

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Cal. November 20, 2007). This additional discovery would increase the time and cost consumed by this litigation. These costs are easily avoided by excusing Milberg Weiss at this juncture.

The Court's concerns with the future viability of Milberg Weiss and the possible distraction the firm faces as the trial date grows nearer are both related to the firm's resources.[4] A number of Milberg Weiss partners and associates have left the firm since the indictment.[5] It is clear that, even beyond the number of attorneys in its employ, Milberg Weiss is a different law firm today than it was when the Court made the January 2006 appointment. While Milberg Weiss asserts to the Court that a criminal trial would not prove to be a distraction, the Court is not persuaded.

The Court has a fiduciary duty to protect the rights of both actual and putative class members. *See In re Fine Paper Antitrust Litigation*, 617 F.2d 22, 27 (3d Cir. 1980). The diminished staff and ongoing distractions facing Milberg Weiss direct the Court to the conclusion that Milberg Weiss's resources are much more limited than they were when the firm was appointed to the position of co-interim class counsel. Milberg Weiss is not best able to represent the interests of the class in this litigation, and allowing Milberg Weiss to remain co-interim class counsel does not appear to the Court to be in the best interest of the Plaintiffs.

The timing is appropriate for the removal of Milberg Weiss as co-interim class counsel. The parties have not begun discovery and any institutional knowledge Milberg Weiss has acquired

---

[4] Milberg Weiss' criminal trial is currently set for August 12, 2008.

[5] Documentation submitted to the Court demonstrates that the Milberg Weiss has lost 48 attorneys since their appointment as co-interim class counsel in January 2006. When this appointment was made, Milberg Weiss employed 110 employees, but the firm resume submitted to the Court in January 2008 shows 62 attorneys.

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

is limited.  If the Court were to delay this decision, there is probable likelihood that the prejudice to Plaintiffs would increase.

Milberg Weiss has not asserted that Plaintiffs will be prejudiced in any way if the firm is removed from their position as co-interim class counsel, and in fact, it appears that prejudice is unlikely.  The two other firms who were appointed as co-interim class counsel are capable of providing the necessary leadership in this lawsuit.  These two firms will be able to share any burden caused by the removal of Milberg Weiss.  Should the need arise for an extension of some deadline as a result of the removal of Milberg Weiss as class counsel, an extension can be requested.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration of the Court's January 4, 2006 Order as it Relates to the Appointment of Milberg Weiss as Co-Interim Class Counsel [doc. #212] is **GRANTED.**  The firm of Milberg Weiss is relieved of its duties to the Plaintiffs in this action.

**IT IS FURTHER ORDERED** pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri that,

1. **Scheduling Conference:**  A Scheduling Conference pursuant to Fed. R. Civ. P. 16, is set for **April 25, 2008**, at **8:30 a.m.** in the chambers of Judge E. Richard Webber.  The attorney preparing and trying this case **must** appear for the conference (actual appearance or by telephone) unless prior permission has been granted by this Court for another to appear.  Any counsel may participate in the conference by telephone, *if counsel notifies the office of the undersigned of his or her intent to do so at least twenty-four (24) hours in advance of the scheduled*

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*conference*. At the scheduling conference counsel will be expected to discuss in detail all matters covered by Fed. R. Civ. P. 16, as well as all matters set forth in their joint proposed scheduling plan described in paragraph 3, and a firm and realistic trial setting will be established at or shortly after the conference.

2. **Meeting of Counsel:** Prior to the date for submission of the joint proposed scheduling plan set forth in paragraph 3 below, counsel for the parties shall meet to discuss the following:

> the nature and basis of the parties' claims and defenses,
>
> the possibilities for a prompt settlement or resolution of the case,
>
> the formulation of a discovery plan,
>
> any issues relating to preserving discoverable information,
>
> any issues relating to disclosure or discovery of electronically stored information, including–
>
>> (i) the form or forms in which it should be produced,
>>
>> (ii) the topics for such discovery and the time period for which such discovery will be sought,
>>
>> (iii) the various sources of such information within a party's control that should be searched for electronically stored information, and
>>
>> (iv) whether the information is reasonably accessible to the party that has it, in terms of the burden and cost of retrieving and reviewing the information, any issues relating to claims of privilege or of protection as trial-preparation material, including - if the parties agree on a procedure to assert such claims after production - whether to ask the Court to include their agreement in an order, and other topics listed below or in Fed.R.Civ.P. 16 and 26(f).

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Counsel will be asked to report orally on the matters discussed at this meeting when they appear before the undersigned for the scheduling conference, and will specifically be asked to report on the potential for settlement; whether settlement demands or offers have been exchanged, without revealing the content of any offers or demands, and; suitability for Alternative Dispute Resolution. This meeting is expected to result in the parties reaching agreement on the form and content of a joint proposed scheduling plan as described in paragraph 3 below.

Only <u>one</u> proposed scheduling plan may be submitted in any case, and it must be signed by counsel for <u>all</u> parties. It will be the responsibility of counsel for Plaintiffs to actually submit the joint proposed scheduling plan to the Court. If the parties cannot agree as to any matter required to be contained in the joint plan, the disagreement must be set out clearly in the joint proposal, and the Court will resolve the dispute at or shortly after the scheduling conference.

3. **<u>Joint Proposed Scheduling Plan</u>:** No later than **<u>April 18, 2008</u>**, counsel shall file with the Clerk of the Court a joint proposed scheduling plan. **All dates required to be set forth in the plan shall be within the ranges set forth below for the applicable track:**

| <u>Track 1: Expedited</u> | <u>Track 2: Standard</u> | <u>Track 3: Complex</u> |
|---|---|---|
| *Disposition w/i 12 mos of filing | *Disposition w/i 18 mos of filing | *Disposition w/i 24 mos of filing |
| *120 days for discovery | *180-240 days from R16 Conf. for discovery/dispositive motions | *240-360 days from R16 Conf for discovery/dispositive motions |

**The parties' joint proposed scheduling plan shall include:**

(a) whether the Track Assignment is appropriate; **NOTE: This case has been assigned to Track <u>3:</u> ( <u>Complex</u> ).**

(b) dates for joinder of additional parties or amendment of pleadings;

(c) a discovery plan including:

(i) any agreed-upon provisions for disclosure or discovery of electronically stored information,

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

(ii) any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production,

(iii) a date or dates by which the parties will disclose information and exchange documents pursuant to Fed. R. Civ. P. 26(a)(1),

(iv) whether discovery should be conducted in phases or limited to certain issues,

(v) dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case,

(vi) whether the presumptive limits of ten (10) depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Fed. R. Civ. P. 33(a), should apply in this case, and if not, the reasons for the variance from the rules,

(vii) whether any physical or mental examinations of parties will be requested pursuant to Fed. R. Civ. P. 35, and if so, by what date that request will be made and the date the examination will be completed,

(viii) a date by which all discovery will be completed **(see applicable track range, Section 3. above)**;

(ix) any other matters pertinent to the completion of discovery in this case,

(d) the parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive;

(e) date for filing any motions to dismiss, motions for summary judgment or motions for judgment on the pleadings (**see applicable track range, Section 3 above**).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

(f) the earliest date by which this case should reasonably be expected to be ready for trial **(see applicable track range, Section 3. above)**;

(g) an estimate of the length of time expected to try the case to verdict; and

(h) any other matters counsel deem appropriate for inclusion in the Joint Scheduling Plan.

4. **Disclosure of Corporate Interests:** All non-governmental corporate parties are reminded to comply with Disclosure of Corporate Interests by filing a Certificate of Interest with the Court pursuant to E.D.Mo. L.R. 2.09.

5. **Pro Se Parties:** If any party appears in this action pro se, such party shall meet with all other parties or counsel, participate in the preparation and filing of a joint proposed scheduling plan, and appear for the scheduling conference, all in the same manner as otherwise required by this order

Dated this 27th Day of March, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com