UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HILMER SCHOENBAUM, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:05CV01108 ERW |
| E.I. DUPONT DE NEMOURS & CO., et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Joint Motion for Protective Order [doc. #234]. The Parties agreed to the majority of the provisions in this Protective Order, but disagreed over what should happen if a non-party witness is to be deposed, and that witness refuses to execute the Undertaking. The Court agrees with Plaintiffs that the deposition of that witness shall be suspended for up to five (5) business days in order to provide the Producing Party the opportunity to seek a Protective Order from the Court. With this change, the Court adopts the Proposed Confidentiality Agreement and Protective Order submitted by the Parties. The details of this Agreement and Order are expounded below.

**IT IS HEREBY ORDERED** that the Joint Motion for Protective Order [doc. #234] is **GRANTED**:

**1.     Scope.** This Confidentiality Agreement and Protective Order ("Confidentiality Order") governs the treatment of all "Confidential Information" (as defined in Paragraph 3, below) that is contained in or derived from documents produced in discovery, deposition testimony, deposition exhibits, interrogatory answers, responses to requests for admission, and

any other discovery authorized by the Federal Rules of Civil Procedure, as well as any other information disclosed (collectively, "Discovery Material") produced by any party or non-party ("Producing Party") to any party or other entity who received documents from a Producing Party ("Receiving Party") in the above-captioned consolidated actions (collectively, the "Action"), as well as all copies, excerpts, summaries, notes, abstracts, or analyses that contain or reveal any Confidential Information.

2. **Limitation on Use.** Confidential Information may be used by a Receiving Party solely for the litigation of the Action and any appeals of the Action, and may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent Court Orders, or with the prior written consent of the Producing Party. Absent a Court Order or written consent of the Producing Party, Confidential Information may not be used for any other purpose, including but not limited to:

    **a.** The prosecution or defense of other actions not subject to this Confidentiality Order;

    **b.** In any proceeding before or application to any government agency;

    **c.** Disclosure to media or competitors of parties to the Action;

    **d.** Any business, competitive, or commercial purpose.

3. **Confidential Information.** Any Producing Party may designate as "Confidential" any Discovery Material that it believes in good faith contains information protectable in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, including but not limited to:

    **a.** Non-public information regarding licensees, customers, growers, elevators, vendors, contractors, suppliers, and other non-parties with whom the parties are engaged in any commercial relationship;

**b.** Licensing, distribution, marketing, design, development, research, test data, and manufacturing, pricing or strategic information regarding products or technology, whether or not previously or currently marketed or under development;

**c.** Market studies or analyses;

**d.** Competitor and competitor product or technology information, including third party product or technology licenses;

**e.** Financial information not publicly filed with any federal or state regulatory authority;

**f.** Information submitted to the U.S. Environmental Protection Agency, the U.S. Food and Drug Administration, the U.S. Department of Agriculture, or any other governmental agency that, under applicable regulations, is exempt from disclosure under the Freedom of Information Act;

**g.** Information that a party obtained from another entity and which the party is required to keep confidential pursuant to an agreement entered into with such entity in the regular course of business; and

**h.** Information contained in insurance policies, if any, that may cover this action.

All Discovery Material so designated shall be referred to in this Confidentiality Order as "Confidential Information" and shall be handled in strict accordance with the terms of this Confidentiality Order.

**4.** **Designation of Confidentiality.** All Confidential Information in the form of physical objects or documents shall be designated, as appropriate, by stamping, affixing, or electronically "burning" in an unobtrusive manner, the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" to all pages of any document containing Confidential Information. Materials such as videotapes, audio tapes,

and electronic media such as computer disks, compact discs, or DVDs, which contain or include Confidential Information, shall be designated by affixing the appropriate legend on the tape or electronic media itself, or on the package thereof. Any such designation shall subject the document, its contents, or any portion thereof, to this Confidentiality Order without any further act on the part of the Producing Party. Any copy, excerpt, summary, note, abstract, or analysis that contains or reveals any such Confidential Information shall be subject to the terms of this Confidentiality Order to the same extent as the information or document from which the copy, excerpt, summary, note, abstract, or analysis was made. If any party to this Action, or counsel or an expert for any party, creates, develops or otherwise establishes any electronic or magnetic media, including any database, disc, or tape, that contains Confidential Information, that party or its counsel or expert must take all necessary steps to ensure that access to that electronic or magnetic media is restricted to those persons allowed access to Confidential Information under the terms of this Confidentiality Order. Where a Producing Party's original documents and physical objects are made available for inspection, the Producing Party may, *in lieu* of marking the original Confidential Information, orally designate such material as Confidential Information, thereby making them subject to this Confidentiality Order. Making original materials available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials made available for inspection shall be treated as if designated "CONFIDENTIAL" pursuant to this Confidentiality Order at the time of inspection. If, however, a party requests the opportunity to make copies of Discovery Material Containing Confidential Information, a Producing Party must mark such material "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" at the time they are supplied to the requesting party to invoke the protections of this Confidentiality Order.

In addition, and notwithstanding the foregoing, all *McIntosh* Class Documents (as defined in the Case Management Order entered by this Court on May 27, 2008) produced by Monsanto, whether or not bearing a "Confidential" legend, shall be deemed, in the first instance, to be "Confidential" under this Confidentiality Order. Should Plaintiffs wish to contest the confidentiality of any *McIntosh* Class Document produced by Monsanto that: (a) does not bear a stamped "Confidential" designation; (b) does not appear on the list of "Confidential" documents that Monsanto shall provide to Plaintiffs at the time of production (in numerical order); or (c) bears a stamped "Confidential" designation, but appears on a list of de-designated documents that Monsanto shall provide at the time of production (in numerical order), that dispute shall be addressed and resolved in accordance with Paragraph 15 of this Order.

5. **"Confidential" Designations of Deposition Testimony.** A Producing Party may, on the record of a deposition, or within thirty (30) days after receipt of the transcript(s) of such deposition, designate in good faith any portion or portions of such transcript(s), including exhibits and videotape, as Confidential Information under the terms of this Confidentiality Order. Until the above-referenced thirty-day period expires, the complete deposition transcript and videotape shall be treated as Confidential Information, unless otherwise specified in writing or on the record of the deposition by the Producing Party. All copies of deposition transcripts that contain Confidential Information shall be prominently marked "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" on the cover thereof and on each page that contains Confidential Information and, if filed with the Court, the portions of such transcripts so designated shall be filed in accordance with the provisions of Paragraph 11, below.

6. **Who May Access Confidential Information.** Confidential Information may be

disclosed, summarized, described, or otherwise communicated or made available in whole or in part without written consent from the Producing Party only to the following persons:

    **a.** The Named Plaintiffs and Class Representatives in this litigation, ***provided that*** such person(s) execute an undertaking to be bound by this Confidentiality Order in the form attached to Document #234 as Appendix A (the "Undertaking") prior to disclosure and a copy of such signed Undertaking is retained by counsel for the party making such disclosures, which shall be shown to counsel for the Producing Party upon request;

    **b.** Outside counsel of record for the respective parties to this litigation including attorneys, paraprofessionals, and employees of such law firms;

    **c.** Non-party experts or consultants retained to assist counsel for the parties described in subparagraph 6(a), ***provided that*** any such experts or consultants execute the Undertaking prior to any disclosure to such expert(s) or consultant(s), and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such expert(s) or consultant(s).

A copy of an Undertaking executed by a putative testifying expert shall be provided to any party upon request at any time after the putative expert submits an expert report. Copies of any Undertaking executed by consulting experts shall be produced only upon a showing that: (1) Confidential Information of the Producing Party has been disclosed in a manner inconsistent with this Protective Order, and (2) the Producing Party has made reasonable efforts to determine the source of the disclosure and has been unable to do so. In such a situation, the parties will submit the matter to the Court in the form of simultaneous, *in camera*, filings and the Court will determine whether the identity of a Receiving Party's consulting expert shall be disclosed to the Producing Party. Disclosure

of Confidential Information to an expert or consultant shall not constitute a designation of the person as an expert whose opinions may be presented at trial. Discovery of consultants and experts will be taken in accordance with the Federal Rules of Civil Procedure, or in accordance with agreements of the parties or orders of the Court. Unless specific written approval is given by the Producing Parties, under no circumstance can Confidential Information be disclosed to consultants or experts who are parties or directors, officers, or employees of parties to this action.

**d.** A party or non-party witness noticed for deposition who (a) is or was employed by the producing party; or (b) is reasonably believed to have been an author or recipient of the Confidential Information, ***provided that*** any such witness execute the Undertaking prior to disclosure and a copy of such signed Undertaking is retained by counsel for the party making such disclosure, which shall be shown to counsel for the Producing Party upon request. Such witness shall review Confidential Information only in the presence of Counsel or electronically, in the form of a copy protected CD-ROM, portable hard disk drive, or flash drive, which the witness will return to Counsel following review. In no event shall any such witness be permitted to permanently retain copies of Confidential Information.

**e.** Any non-party witness deposed in this Action, ***provided that*** any such witness execute the Undertaking prior to disclosure and a copy of such signed Undertaking is retained by counsel for the party making such disclosure. If a witness is represented by Counsel to a Party to this litigation, such Counsel will endeavor to secure a signed Undertaking from the witness at least 72 hours in advance of the deposition. If the witness refuses to execute the Undertaking, Counsel for the witness will so advise the other Parties as soon

as practicable after learning of the witness's refusal to sign the Undertaking. Should a witness fail to agree to the terms of this Protective Order, the deposition shall be suspended for up to five (5) business days, at the request of the Producing Party, in order to provide the Producing Party the opportunity to seek a Protective Order from the Court with jurisdiction over the deposition either:

**(1)** that the witness shall be bound by the terms of the Protective Order; or

**(2)** that the witness be examined at the deposition upon such other terms as that Court may direct consistent with the Receiving Party's right to conduct pre-trial discovery through deposition of that witness.

Counsel for the Producing Party shall be shown the Confidential Information to be used at a deposition immediately prior to providing the document to the witness.

**f.** Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video-recording equipment of and at such testimony;

**g.** The Court, Court personnel, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper, including the jury or other trier of fact;

**h.** Commercial copy services, translators, data entry and computer support organizations, and such persons who assist in preparing exhibits, hired by and assisting outside counsel for a party;

**i.** Up to three in-house counsel (and any paralegal or support staff working for such counsel) for any party, ***provided that*** prior to disclosure of any Confidential Information,

each such counsel, or paralegal or support staff, execute a copy of the Undertaking, which shall be shown to counsel for the Producing Party upon request; and

**j.** Mediators or other Alternative Dispute Resolution neutrals appointed by the Court or agreed to by the Parties to the mediation or Alternative Dispute Resolution, together with persons in their employ reasonably required for the neutral to perform assigned tasks.

**7.** <u>**Exclusion from Depositions.**</u>  Counsel for the witness or counsel for any party shall have the right to exclude from depositions, other than the deponent and deponent's counsel, any person who is not authorized by this Confidentiality Order to receive documents or information designated as Confidential Information.  Such right of exclusion shall be applicable only during periods of examination or testimony directed to or related to Confidential Information.

**8.** <u>**Third-Party Requests for Information.**</u>  If any Receiving Party is:

**a.** subpoenaed in another action,

**b.** served with a demand in another action to which it is a party, or

**c.** served with any legal process by one not a party to this Action (including any federal, state, or foreign government agency),

seeking Discovery Material that was produced or designated as "CONFIDENTIAL" by someone other than the Receiving Party, the Receiving Party, upon determining that such Confidential Information is within the scope of the demand, subpoena, or legal process, shall give written notice, at the earliest possible time, of such subpoena, demand, or legal process, to counsel for the Producing Party.  The Receiving Party shall also respond to the subpoena, demand, or legal process by setting forth the existence of this Confidentiality Order and shall cooperate with the those who produced or designated the material "CONFIDENTIAL" so that they can appear and

object to production, and in no event shall ever provide any documents prior to giving written notice to the Producing Party or those who designated the material Confidential.

9.  **Inadvertent Production or Designation.**  The inadvertent failure to stamp a document, or a portion thereof, with the "CONFIDENTIAL" designation in no way alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Confidentiality Order, *provided that* the Producing Party notifies the Receiving Party, in writing, within thirty (30) days after becoming aware that the Confidential Information was not properly designated. Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be Confidential Information, and the Producing Party shall promptly provide a replacement copy of such material with the appropriate "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" designation thereupon.  If the improperly-designated material was produced by way of portable media (e.g., DVD or CD) that also holds properly-designated material, then the Producing Party shall provide a replacement copy of the entire portable media.  The Receiving Party shall return any hard copies and any electronic portable media copies of the improperly-designated material and make reasonable efforts to delete all electronic copies of the material stored on network servers and hard drives and users' hard drives.

10. **Inadvertent Production of Documents Exempt from Production.**  In the event that one of the law firms that is counsel of record in this Action learns or discovers that a document subject to immunity from discovery on the basis of attorney-client privilege, the attorney work product doctrine, or other valid basis has been inadvertently produced, counsel for Producing Party shall notify the Receiving Party or parties in writing within thirty (30) days after so learning or discovering that such inadvertent production has been made.  If the inadvertently disclosed

documents were produced by way of portable media that also holds properly-produced material, then the Producing Party shall provide a replacement copy of the entire portable media. The Receiving Party shall return any hard copies and any electronic portable media copies of the inadvertently-disclosed documents and make reasonable efforts to delete all electronic copies of the documents stored on network servers and hard drives and users' hard drives. The Receiving Party shall not, without good cause shown, seek an order compelling production of the inadvertently-disclosed documents on the ground that the Producing Party has waived or is otherwise estopped from asserting the applicable privilege or immunity on the basis that the document has been voluntarily produced, nor shall the content of inadvertently-disclosed documents otherwise be used in the litigation unless permitted by Court Order or agreement of the Producing Party and Receiving Party. Such inadvertent disclosure shall not result in the waiver of any associated privilege, provided that the Producing Party has given timely notice as provided in this paragraph.

**11.** **Procedure for Filing with the Court.** Any party seeking to file Confidential Information, or any pretrial motion, brief, pleading or other document in this action that attaches, quotes, or refers to any Confidential Information, shall do so under seal. This Confidentiality Order shall constitute the standing Order of this Court in this Action, pursuant to Rule 13.05(A)(1) of the Local Rules of this Court, permitting the filing under seal of Confidential Information. Such Confidential Information shall be labeled on the cover:

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

and, unless otherwise agreed by counsel or directed by the Court, shall be filed in a sealed envelope and kept under seal and not disclosed to any person unless ordered by the Court in the Action.

**12.**     **Procedure for Use in Court.**  Confidential Information may be offered into evidence at any court hearing in open court only if: (1) the Confidential Information is identified, with specificity (e.g., by Bates number(s), when possible), to the Producing Party at least 24 hours prior to commencement of the hearing, or (2) the Confidential Information has previously been identified in the court filings addressing the subject matter of the hearing.  The Producing Party may request an order that evidence be received only *in camera* or under other less public circumstances to prevent unnecessary disclosure, and Confidential Information received by the Court in such a fashion shall not lose its status as Confidential Information as a result of such use.  The procedure for use of Confidential Information at trial will be addressed during the pretrial conference.

**13.**     **Own Use.**  Nothing in this Confidentiality Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Information in any way that it sees fit to so use or discuss that material for any reason.  Any such use or discussion of Confidential Information shall not be deemed a waiver of the terms of this Confidentiality Order or be deemed as removing the Confidential Information so used from the scope of this Confidentiality Order.

**14.**     **Effect on Discovery.**  This Confidentiality Order shall not affect the proper scope of discovery in this Action.  The designation of Discovery Material as Confidential Information under the terms of this Confidentiality Order shall have no effect on any argument or claim that such Discovery Material is properly discoverable, relevant, or admissible in this Action or in any other litigation, or on any argument or claim that such Discovery Material is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.

15. **Resolution of Disputes Regarding Confidentiality Designations.** The following procedures shall apply to any disputes arising from the designation of Discovery Materials as Confidential Information pursuant to this Confidentiality Order:

   **a.** If a party in good faith disagrees with the Producing Party's "CONFIDENTIAL" designation, that party shall inform counsel for the Producing Party in writing of that disagreement at least thirty (30) days prior to the filing of the final pretrial order;

   **b.** Upon written notification that a party disagrees with a Confidential designation, counsel for the objecting party and the Producing Party will confer in a good faith effort to resolve the dispute without the Court's intervention;

   **c.** If the dispute is not resolved within ten (10) days of the Producing Party's receipt of the objecting party's written notification, the objecting party may invoke this Court's rules and procedures for raising discovery disputes. The Producing Party shall bear the burden of proving that information has properly been designated as Confidential Information; and

   **d.** Until such time as any such judicial process has been initiated and resolved, all parties receiving Confidential Information shall treat it as Confidential and in accordance with the terms of this Order.

16. **Ongoing Protections.** Each document, material, or other thing, or portion thereof designated as Confidential shall retain that designation and shall remain subject to the terms of this Confidentiality Order until such time as the parties agree to the contrary or the Court renders a decision that a particular document, material, or other thing, or portion thereof is not subject to this Confidentiality Order, and any and all proceedings or appeals challenging such decision have been concluded.

17. **Disposition of Confidential Information After Termination of Action.** Except as

otherwise agreed in writing by the parties, within one hundred eighty (180) days after the entry of a final judgment (including resolution of appeals or petitions for review), all Confidential Information supplied by a Producing Party and all copies, excerpts, summaries, notes, abstracts or analyses that contain or reveal any Confidential Information (including, without limitation, those provided to or created by testifying or consulting experts) shall, at the Producing Party's choice, be returned to the Producing Party, or the Receiving Party's counsel shall certify in writing to the Producing Party that all such materials provided to or created by that party, its counsel or its experts, have been destroyed. No portion of this provision requires the disclosure of attorney work product to any other party or counsel at any time, unless mandated by Court Order. This Confidentiality Agreement shall survive the final termination of this Action with respect to any such Confidential Information. Outside counsel of record for the Receiving Party shall be entitled to retain documents filed with the Court, written responses to interrogatories, document requests, and requests for admissions, deposition and trial transcripts and exhibits, expert reports and supporting material and their own attorney work product that contains Confidential Information, provided that such counsel, and employees of such counsel, shall not disclose any Confidential Information contained in such court filings, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party. In addition, following the termination of the action, outside counsel of record shall retain all signed Undertakings obtained by such counsel and shall make such undertakings available to counsel for the Producing Party as otherwise provided herein.

18. **Retrieval of Confidential Information from Court File.** Within thirty (30) days after this case is closed in this Court after the entry of a final judgment (including resolution of appeals or petitions for permission to appeal), any Party may move for an order of the Court either

14

extending the seal for a specified additional time period or returning sealed documents to the filing party upon a showing of good cause as provided in E.D. Mo. Local Rule 13.05. Any documents that are not so withdrawn will be subject to this Court's rules and procedures governing the disposition of such documents, including but not limited to Local Rule 13.05.

19. **Joinder of Additional Parties.** In the event that additional parties join or are joined in this Action, they shall not have access to Confidential Information until the newly-joined party has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Confidentiality Order.

20. **Amendment.** Any party may apply to this Court, upon written notice, in accordance with the Rules of this Court, for an Order amending, modifying or vacating all provisions of this Confidentiality Order. Nothing in this Confidentiality Order shall be construed as prejudicing any Producing Party's right to seek an agreement or Court Order providing additional confidentiality or other protections to any Confidential Information produced in this Action. Until such agreement or order is obtained, however, this Confidentiality Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

21. **Court Retains Jurisdiction.** This Confidentiality Order shall survive the final conclusion of this Action and the Court shall maintain jurisdiction to enforce this Confidentiality Order. All persons receiving or given access to Confidential Information in accordance with the terms of this Confidentiality Order consent to this Court's continuing jurisdiction for the purposes of enforcing this Confidentiality Order and remedying any violations thereof.

22. **Limitation on Use of Confidentiality Designations.** The parties have agreed to this Confidentiality Order in order to facilitate discovery and the production of relevant information in this Action. Neither (a) the entry of this Order or the designation of any information or material

as Confidential Information, nor (b) the failure to make such designation, shall constitute evidence with respect to any issue in this Action.

**23.** **Execution.**  This Agreement may be signed by the parties in counterpart.

**24.** **Adoption by the Court.**  The Court hereby approves and adopts the foregoing agreement of the parties as a Protective Order in this Action pursuant to Fed. R. Civ. P. 26(c)(1) of the Federal Rules of Civil Procedure.

Dated this 23rd Day of June, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE