UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HILMER SCHOENBAUM, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:05CV01108 ERW |
| ) | |
| E.I. DUPONT DE NEMOURS AND ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion for Protective Order [doc. #248] and Plaintiffs' Motion for Protective Order Against Defendants Pioneer's and DuPont's First Set of Requests for Admission to Plaintiffs [doc. #259]. A hearing was held on October 24, 2008, and the Court heard arguments from the parties on these Motions.

### **I. MOTION FOR PROTECTIVE ORDER: *LAYMAN* ACTION**

Tim Curry ("Curry") was a named Plaintiff in this litigation, and he informed Defendants of his intention to withdraw from this litigation on July 21, 2008. He was served with a subpoena on August 16, 2008, when he was still a named Plaintiff to this action. Defendants did not advise Plaintiffs' counsel of this subpoena until September 15, 2008, which was the day after Curry had his claims voluntarily dismissed. Plaintiffs argue that since he is no longer party to this action, he should not be subject to discovery, and that a protective order should be issued pursuant to Fed. R. Civ. P. 26(c).

The subpoena was issued in conjunction with the *Layman* Action, not the *Schoenbaum* Action, but Plaintiffs assert that the Court has jurisdiction to enjoin this proceeding so that it does

not frustrate the orderly process of this litigation.[1] Plaintiffs do not ask that all proceedings in the *Layman* Action be enjoined, but that the Court order a narrow injunction to prevent vexatious discovery. Specifically, Plaintiffs ask that the Court enter a protective order prohibiting Defendant Pioneer from enforcing this subpoena. Additionally, Plaintiffs ask that the Court bar any discovery in the *Layman* Action, either from Curry, any named Plaintiff in this action, or any other member of the proposed classes with respect to any matter relating to the issues in this litigation.

Defendants have explained to the Court that discovery in the *Layman* Action is ongoing, and that they need the discovery Plaintiffs seek to have barred in order to defend themselves against the claims against them in the *Layman* Action. The subpoena that was served on Curry was validly served under Tennessee law. Plaintiffs assert that their request is appropriate under both the All Writs Act and Fed. R. Civ. P. 26(c). The Court will consider these arguments separately.

## A.     *The All Writs Act*

Plaintiffs assert that this injunction would be appropriate under the All Writs Act. The All Writs Act states that courts "may issues all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). Courts may utilize the All Writs Act "as may be necessary or appropriate to effectuate and prevent the frustration of its orders it has previously issued in the exercise of jurisdiction." *United States v. New York Tel. Co.*, 434 U.S. 159, 173 (1977). The Seventh Circuit has stated that an injunctions may be utilized by "courts with

---

[1] The *Layman* Action is a lawsuit pending in a Tennessee State Court. Plaintiffs previously asked the Court to enjoin these proceedings, however, the Court denied that motion because of the procedural posture of the litigation. The claims asserted in the *Layman* Action are substantially similar to those before the Court in *Schonenbaum*, and the proposed class in the *Layman* Action is encompassed by the proposed *Schonenbaum* classes.

2

jurisdiction over complex multidistrict litigation . . . to protect the integrity of their rulings, including pre-trial rulings like discovery orders." *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1203 (7th Cir. 1996). However, in this instance, the Court does not believe that an injunction would be appropriate. The Court agrees with Defendants; the discovery sought in the *Layman* action does not frustrate this Court's jurisdiction or the impinge upon the orderly process of this litigation. Defendants did not instigate the *Layman* action, and they do not appear to seek this discovery in the attempt to evade any of the limits set by the Court in the Case Management Order. *See Winkler*, 101 F.3d 1202.

### B.     *Fed. R. Civ. P. 26(c)*

The Federal Rules state that "[a] party or person from whom discovery is sought may move for a protective order . . .[and that the] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). However, the general rule is that, "a district court's power to control discovery does not extend to material discovered in a separate action, notwithstanding the fact that the parties were identical." *Kirshner v. Uniden Corp. of America*, 842 F.2d 1074, 1081 (9th Cir. 1988).

An exception exists where protective orders are occasionally issued to restrict "the use of any discovery to the instant action." *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992). This exception is relevant because two of the Requests for Production included in the subpoena that was served upon Curry are specifically directed at the *Schoenbaum* Action:

> 3.     All documents supporting, evidencing, or relating to the allegations made in the *Schoenbaum* Complaint, including but not limited to documents supporting, evidencing, or relating to your efforts to obtain relief, redress or remedies for the alleged misconduct described in the *Schoenbaum* Complaint.

3

4.  All documents describing, analyzing, quantifying, calculating, explaining or related to the damages you claim were caused by the conduct alleged in the *Schoenbaum* Complaint.

The Court has considered this exception, but finds that a protective order would not be appropriate as, "the discovery sought is relevant to a good faith defense." *Id*. (citing *Cipollone v. Liggett Group*, 113 F.R.D. 86, 91 (D.N.J. 1986)). As a result, "the mere fact that it may be used in other litigation does not mandate a protective order." *Id.*

## II.  MOTION FOR PROTECTIVE ORDER: REQUESTS FOR ADMISSION

In this Motion, Plaintiffs state that each of the 27 named plaintiffs have been served with 89 Requests for Admission, and that these Requests for Admission are actually interrogatories. As a result, Plaintiffs state that they exceed the number of interrogatories that may be propounded to each Plaintiff, are unduly burdensome, premature, and constitute abusive discovery. Plaintiffs add that these Requests fall outside the scope of class certification discovery. For these reasons, Plaintiffs state that good cause exists for the issuance of a protective order pursuant to Fed. R. Civ. P. 26(c).

The Court has reviewed the Requests for Admission, and finds that they are requests for admission, and not interrogatories. The Court's inquiry found that Questions 1-29, 31-59, and 63-76 deal with whether the Plaintiff purchased or entered into contracts related to "Genetically Enhanced" corn or soybean seeds during specific years. Questions 30 and 60 ask if the Plaintiff seeks "to represent in this case putative class members" who purchased these corn or soybean seeds. Questions 61 and 62 deal with the Plaintiff's financial resources. Question 77 asks whether the Plaintiff has "been employed or involved in business activities other than farming" since 1995. Questions 78 and 79 ask whether the Plaintiff purchased these seeds since filing this lawsuit or "since forming the belief that Pioneer had engaged in illegal acts which caused you

4

harm," while Question 80 asks specifically about mitigation.  Question 81 asks each Plaintiff to "[a]dmit that you have not filed or otherwise initiated any other lawsuits related in any way to Genetically Enhanced seeds other than this case."  Finally, Questions 82-89 ask about written records and whether they have all been produced to Defendant Pioneer.

The Court finds that questions 30, 60-62 and 77-81 are relevant to class certification and must be answered on the following schedule:

| Plaintiffs By State | Due Date for Responses to # 30, 60-62 and 77-81 |
|---|---|
| North Dakota | October 31, 2008 |
| Nebraska | October 31, 2008 |
| South Dakota | November 10, 2008 |
| Minnesota | November 14, 2008 |
| Michigan | November 21, 2008 |
| Indiana | November 24, 2008 |
| Iowa | December 1, 2008 |
| Kansas | December 5, 2008 |
| Wisconsin | December 15, 2008 |
| Illinois | December 15, 2008 |
| Missouri | December 15, 2008 |
| Tennessee | December 15, 2008 or 10 days before depositions, whichever is earlier |
| Ohio | December 15, 2008 or 10 days before depositions, whichever is earlier |

However, the remaining Requests for Admission seek information that is peripheral to class certification discovery and whose answers are not so critical that a response must be secured at this time.  For example, the vast majority of these Requests for Admission seek to determine whether the particular Plaintiff purchased these seeds from Pioneer or entered into a contract with Pioneer from 1996 to the present.  However, this information has only limited impact on class certification issues.  As a result, this discovery is excessive, and represents an "annoyance . . . oppression, or undue burden or expense."  *See* Fed. R. Civ. P. 26(c).  The excessiveness of these Requests for Admissions is exacerbated by the timing of these requests, as Defendants request

5

answers during harvest. As a result, the Court finds that good cause exists for the issuance of a limited protective order. The Court finds that Plaintiffs must answer the remaining questions (1-29, 31-59, 63-76 and 82-89). However, Plaintiffs are not required to answer these Requests for Admission until 75 days after the issuance of this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that Motion for Protective Order [doc. #248] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Protective Order Against Defendants Pioneer's and DuPont's First Set of Requests for Admission to Plaintiffs [doc. #259] is **GRANTED, in part,** and **DENIED, in part.**

Dated this 28th Day of October, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE