UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HILMER SCHOENBAUM, ) | |
| on behalf of himself and all others ) | |
| similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:05CV01108 ERW |
| ) | |
| E.I. DUPONT DE NEMOURS AND ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Monsanto Company's Motion for Protective Order [doc. #321], Plaintiffs' Motion for Leave to File Second Amended Master Consolidated Class Action Complaint [doc. #324], Defendant Monsanto Company's Motion for Modification of the Court's February 2, 2009 Discovery Order Concerning Production of License Agreements [doc. #338], Plaintiff's Cross-Motion to Compel Defendant Monsanto Company's Compliance with February 2, 2009 Order [doc. #347] and Defendants' Joint Motion to Compel Responses to Defendants' Joint Third Set of Interrogatories to Each Plaintiff [doc. #348]. Hearings were held on April 6, 2009 and April 13, 2009, and the Court heard arguments from the parties on these Motions.

**I.   BACKGROUND**

Defendant Monsanto Company ("Defendant Monsanto") develops, manufacturers, licenses, and sells agricultural biotechnology, agricultural chemicals, and other agricultural products. Defendant Monsanto developed plant biotechnology that enabled the creation of

genetically improved crops by transferring into crop seed one or more genes that give the resulting plants various favorable traits. One type of genetically modified crop seed marketed by Defendant Monsanto is Roundup Ready® corn and soybean seed, which is resistant to glyphosate-based herbicides, such as Monsanto's Roundup® brand herbicide. One other genetically modified crop seed is Monsanto's YieldGard® corn seed, which is resistant to certain pests and insects. Defendant Monsanto holds the patent on these technologies.

Defendant Monsanto sells its patented technology to seed producers, including Defendants E.I. DuPont de Nemours and Company ("Defendant DuPont") and Pioneer Hi-Bred International, Inc. ("Defendant Pioneer"), under a license to use the gene technology to create certain genetically-modified soybean and corn seeds. The seed producers then sell the seed developed with Defendant Monsanto's technology to retailers or growers, both of whom must obtain licenses from Defendant Monsanto before using the seed with the technology.

In March 2004, individual farmers and farming entities (collectively, "Plaintiffs") filed thirteen respective state court class actions against Defendant Monsanto, Defendant Pioneer, and Defendant DuPont (collectively, "Defendants"). These class actions were filed in Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, South Dakota, Tennessee, and Wisconsin. The Parties agreed to transfer the cases to the Eastern District of Missouri and on December 20, 2005, this Court granted the Parties' joint motion to consolidate the cases. In the 419-page consolidated amended complaint, Plaintiffs allege the factual basis for different damages claims against Defendants regarding the purchase of several varieties of genetically-modified crop seeds ("GM seeds") manufactured or sold by Defendants during the time period relevant to this action.

According to the complaint, beginning in the early to mid-1990s, and continuing to the present day, Defendant Monsanto, aided by its alleged co-conspirators (Defendants Pioneer and Dupont), devised and implemented a scheme to monopolize the GM corn seed and trait markets and the broad-spectrum-herbicide-resistant soybean and corn seed and trait markets. Between 1992 and 1996, in furtherance of the scheme to monopolize, Defendant Monsanto allegedly entered into a series of agreements with competing soybean and corn seed manufacturers, wherein Defendant Monsanto licensed the manufacturers to produce GM seeds incorporating the patented traits. Defendant Monsanto allegedly imposed the following restrictions on the seed manufacturers who were granted a license: (1) prohibiting, without Defendant Monsanto's permission, "stacking" seed traits with non-Monsanto genes; (2) prohibiting the use of any glyphosate-containing herbicide other than Roundup®, or promoting any broad-spectrum herbicide other than Roundup®; and (3) imposing tying and exclusive dealing arrangements, consonant with the above requirements and restrictions.

The complaint charges that between 1995 and 1999, Defendant Monsanto and Defendant Pioneer met and entered into collusive, anti-competitive agreements that had the effect and purpose of allowing Defendants to set artificially high list prices for the genetically-modified corn and soybean seeds at issue. Plaintiffs claim Defendant Monsanto persuaded Defendant Pioneer to artificially elevate its list prices for the seeds and to implement Defendant Monsanto's technology fee or premium charges – to which Defendant Pioneer was not subject under its previously-existing license agreements with Defendant Monsanto.

Defendants sought dismissal of the claims against them under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted; the Court issued a Memorandum and Order on September 20, 2007, dismissing with prejudice Counts 1-4, 31, 35, 45, 49, 59, 60, 64,

3

65, 77, 83, 87, 91, 101 and 105, along with all claims of Plaintiffs for damages, as indirect purchasers of either germplasm or any genetic trait associated therewith, except the state law claims from Iowa, Kansas, Michigan, Minnesota, Nebraska, North Dakota, South Dakota, Tennessee and Wisconsin, and the claims of the Ohio Plaintiff for damages or injunctive relief, as indirect purchasers of either germplasm or any genetic trait associated therewith.

Subsequently, a case management order was entered in this action. This order stated that the initial phase of discovery will be directed to whether the classes proposed in this action should be certified pursuant to Fed. R. Civ. P. 23. The Parties are currently involved in class certification discovery, and Plaintiffs' motion for class certification must be filed no later than June 11, 2009.

## II. DEFENDANT MONSANTO'S MOTION FOR PROTECTIVE ORDER [doc. #321]

In this Motion, Defendant Monsanto asks that the Court limit its duty to search subsidiaries' records for Plaintiffs' purchases to only those subsidiaries reasonably likely to have relevant materials. Additionally, Defendant Monsanto asks that the Court relieve it of the obligation to respond to Plaintiffs' 1,816 requests for admission. Defendant Monsanto's Motion For Protective Order is Granted, in part, and Denied, in part.

Plaintiffs shall produce to Defendants, within thirty (30) days of this date, the identity of each state in which each Plaintiff has purchased genetically modified seed manufactured by Monsanto from 1996 to the current date. Within thirty days thereafter, Defendant Monsanto shall search the records of all subsidiaries and licensees, and locate, duplicate and provide to Plaintiffs'

counsel, records of every sale by Defendant Monsanto, its subsidiaries and licensees from January 1996 through May 1, 2009 to each Plaintiff.[1]

Within ten days from this date, Plaintiffs shall review all 1,816 requests for admission and delete all such requests which solicit information regarding genetically modified seed manufactured by Defendant Monsanto before 1996. Defendant Monsanto shall answer all Requests For Admissions submitted by Plaintiffs within thirty days of this Memorandum and Order.

### III.  PLAINTIFFS' MOTION TO FILE AN AMENDED COMPLAINT [doc. #324]

Plaintiffs' Motion for Leave to File Second Amended Master Consolidated Master Class Action Complaint shall be granted, in part, and denied, in part. Plaintiffs state that the Second Amended Master Consolidated Master Class Action Complaint:

> corrects or updates allegations respecting certain Plaintiffs and, in some instances, formally joins legal entities through which certain Plaintiffs conducted their farming operations during all or part of the relevant period at issue in this litigation or replaces certain Plaintiffs with those entities; narrows the scope of Plaintiffs' proposed classes and claims for relief; corrects, updates, or removes sundry factual allegations (while not asserting new factual theories against Defendants); and adds certain causes of action against Defendant Monsanto Company ("Monsanto") that are based on its misuse of its patents.

The Federal Rules state that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Absent good reason for denial, such as undue delay, dilatory

---

[1] The term "Plaintiff," as it is used here, refers to persons and entities identified in the proffered Second Amended Master Consolidated Class Action Complaint and any Plaintiff or entity ever known since January 1, 1996.

motive, undue prejudice, or bad faith, a request for leave to amend should be granted. *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989).

Plaintiffs' First Amended Class Action Complaint was filed September 1, 2004. Subsequently, Plaintiff filed an Amended Complaint For Master Consolidated Class Action. Motions to Dismiss were thereafter filed and ruled, and a Case Management Order was subsequently entered, which bifurcated discovery. The Case Management Order has been amended, and the deadline for the completion of all class certification discovery, excluding expert discovery, is March 1, 2009. Plaintiffs must file their motion for class certification by June 11, 2009. In making orders herein, the Court is not deciding issues only on the basis that discovery on class certification issues are closed. The Court is aware that it has authority to extend discovery and other deadlines. The Court will consider specific grounds for relief on pending motions and make rulings, considering Fed. R. Civ. P 15, all other pertinent federal procedure rules, all cited authority, all briefs filed, all arguments of counsel and the Court's responsibility to manage this case in an effective and efficient manner.

A.      *Formally Joining Legal Entities or Replacing Plaintiffs with Legal Entities*

Plaintiffs first ask to amend their Complaint to correct or update allegations related to certain Plaintiffs, and to formally join legal entities through which some of the Plaintiffs' conducted their farming operations. The Court grants Plaintiffs leave to amend, to the extent it "formally joins legal entities through which certain Plaintiffs conducted their farming operations during all or part of the relevant period at issue in this litigation or replaces certain Plaintiffs with those entities," and only to the extent any changes are made in the context of the arguments made on the record at hearings held on April 6, 2009 and April 13, 2009. Any changes on this specific issue, not exactly stated in the Second Amended Master Consolidated Master Class Action

6

Complaint, must first be submitted to the Court for Approval, before any amendment is filed. The Court agrees with Plaintiffs that the discovery has been extensive on this issue, and finds that Defendants will not be significantly prejudiced by allowing this specific amendment.

## B. *Limiting Damages*

Next, Plaintiffs allege that the Second Amended Master Consolidated Master Class Action Complaint "limits the damages that Plaintiffs seek on behalf of the proposed classes to the period (which ran from at least the 1998 through the 2001 growing years, SAC ¶ 80) during which Monsanto collected Technology fees from purchasers of the products at issue - and it seeks only declaratory and/or injunctive relief as to the period thereafter." Plaintiffs state in a footnote that this amendment does not apply to state law antitrust claims asserted on behalf of the Kansas and Wisconsin state classes. Defendants will suffer no significant prejudice by allowing this specific amendment, and their request is granted. Additionally, the Court will permit Plaintiffs to amend Plaintiff Richard Kraus's claims to reflect that Wis. Stat. § 133.14, and not Wis. Stat. § 133.03, is the applicable statute, provided that no new claims are stated.

## C. *Reorganization of Putative Classes*

Plaintiffs seek to organize their federal antitrust claims by asserting them on behalf of a "Thirteen-State Roundup Ready Soybean Seed Purchaser Class" and a "Thirteen-State Genetically Modified Corn Purchaser Class." Plaintiffs characterize this amendment as "honing of the contours of the proposed classes, the more organized presentation of their claims, and general 'clean-up' of claims." In response to Defendants' objection, Plaintiffs counsel asserts that Defendants' argument "is much to do about nothing," stating that:

> what the thirteen state claims are comprised of are thirteen states for which state wide classes were previously asserted and continue to be asserted. There is no expansion. It's all about the streamlining and the efficient treatment of unified federal claims. The thirteen state classes assert the federal claims. So, rather than have to go through each of the states, which we only propose as an alternative afterwards, if the Court doesn't find that the thirteen state classes is appropriate on the uniform federal claims,

it simply is designed to make things easier . . . As the federal claims are uniform claims, by grouping them as we did in the thirteen classes, with respect to the already existing states for whom claims have been asserted, we're making things easier, your honor, not harder.

In reality, Plaintiffs' attempted disguising of significant changes in the identity of the federal class was uncovered in arguments before the Court. In the past, Plaintiffs consistently asserted to the Court that the "classes are state only classes" and that "the market should be determined on a statewide basis, not on a nation or multistate basis."

Plaintiffs' requested amendment is significant. The Court finds the existence of significant prejudice to Defendants, by allowing this amendment, so close to the class certification deadline. Plaintiffs plead identification of classes years ago. Plaintiffs' claim of "only streamlining" is rejected.

### D.     *Factual Allegations*

Plaintiffs also ask that the Court permit amendments to add factual allegations to provide greater detail concerning Defendants'' conspiracy.[2] This request is granted. However, if Plaintiffs seek to change this language to something different than that stated in the Second Amended Master Consolidated Master Class Action Complaint, they must submit their proposed alteration to the Court for Court approval before it is filed.

### E.     *Addition of Patent Law Claims*

---

[2] Plaintiffs ask to add factual allegations relating to Monsanto's efforts to secure Defendant Pioneer's acquiescence to and/or support for its value Capture program, the identity of participants in relevant meetings between Defendant Monsanto and Defendant Pioneer; and information related to Defendant Monsanto's acquisitions of seed manufacturers and crop-growing statistics. Plaintiffs also ask for leave to remove allegations that are not material to Plaintiffs' claims, including unnecessary details concerning foundation seed lines and case citations and quotations from Defendant DuPont's litigation against Defendant Monsanto.

Plaintiffs' propose to add several new claims. Specifically, the state that they bring these claims against Defendant Monsanto:

> in the alternative, and only in the event the Court concludes that Plaintiffs and the other members of the classes, notwithstanding their direct contracts with Monsanto, are indirect, rather than direct, purchasers of the genetically-modified seeds and/or seed traits at issue in this litigation and are not entitled to damages under Section 1 of the Sherman Act - claims under section 2 of the Sherman Act (for monopolization and attempted monopolization) and under the Patent act, 35 U.S.C § 1, *et. seq.,* predicated on Monsanto's misuse of its patent rights.

Plaintiffs rely on the case of *Quanta Computer, Inc. v. LG Electronics Inc.,* 128 S.Ct. 2109 (2008). Plaintiffs claim that the *Quanta* case, decided in June 2008, suddenly provides them with still more causes of action against Monsanto, only weeks before the class certification brief deadline. This case is five years old. The *Quanta* decision was issued more than eight months ago, but Plaintiffs elected to wait until now to request relief to file new causes of action. Defendants have the better argument. Leave to amend should not be granted where undue delay, dilatory motive, undue prejudice, or bad faith is present. *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989). The Court finds that the addition of these claims, at this stage of the litigation, is inappropriate. Too much time has lapsed since the filing of this lawsuit and the issuance of the *Quanta* decision.

Additionally, this amendment presents "a very real risk of extensive additional discovery." *Perkins v. Spivey*, 911 F.2d 22 (8th Cir. 1990). These are new claims, never before presented to the Court or known by Defendants who have been preparing for the Class Certification hearing for months. While not controlling, Plaintiffs' asseveration that "Plaintiffs' legal theory - their Sherman Act, § 2 and Patent claims based on Monsanto's misuse of patent rights - will not require any further class certification-related discovery" is not true.

9

Defendants present convincing arguments that the approach to class certification would have been managed quite differently if these new theories had been timely advanced by Plaintiffs. As counsel for Monsanto persuasively argues, the new patent infringement claim is based on a claim for declaratory judgment. No level of concreteness of immediacy and real threatened injury is apparent, and there is no allegation of facts under all of the circumstances to show there is a substantial controversy between the parties having adverse legal consequences of sufficient immediacy and reality to warrant the issue of a declaratory judgment, where other claims in the case go back ten years. Monsanto's counsel convincingly explained that further discovery, contrary to Plaintiffs' representations, would be required if Plaintiffs' Seconded Amended Master Consolidated Master Class Action Complaint is permitted to be filed.

Specifically, counsel stated that he would want to know from each Plaintiff what possible legal action, if any, has been threatened against any Plaintiff. He would want to learn if any named Plaintiff has been threatened with imposition of a technology fee and what conduct, if any, has any Plaintiff avoided as a result of any threatened enforcement of Monsanto's patent rights. These are issues related to class certification, as they go to adequacy and typicality of Plaintiffs' claims. Counsel stated that he would want to know how the Plaintiffs are class representatives, why they have a claim for declaratory judgment and whether they have standing to bring a declaratory judgment action. Counsel makes a sound argument that if the Court allows the requested amended complaint to assert additional patent infringement claims by way of a declaratory judgment action, to assess class certification, Monsanto must determine what conduct is at issue, what patents are allegedly misused with respect to each Plaintiff, and what monopolization or attempted monopolization action is claimed. He explained that Monsanto would also need to know the nature of claimed patent misuse beyond payment of technology fees.

10

He explains that Monsanto has not charged a technology fee for ten years, and Monsanto needs to know how Plaintiffs are currently suffering from alleged patent misuse. Monsanto also states that if this amendment is permitted, it would seek to claim equitable affirmative defenses such as *quantum meruit* and unjust enrichment.

Plaintiffs' counsel argues that the proposed amendments conform and sharpen allegations based on information learned in class certification discovery, "without changing the factual crux of the case." Plaintiffs' counsel states, "[a]nd let me be very clear. The proposed Second Amended Complaint does not substantially alter any of the claims sustained by this Court in September of 2007 or in its supplemental ruling on the motion to dismiss shortly thereafter. All it does, it narrows the scope of Plaintiffs' damages claims and the proposed classes." The Court finds this statement to be a gross misstatement of the purpose and result of this proposed amendment. Plaintiffs' request to amend their Complaint to add these new patent misuse claims is denied.

**IV.    PRODUCTION OF LICENSE AGREEMENTS [docs. #338 and 347]**

The Parties have informed the Court that they have come to an agreement on these Motions, and accordingly, they will be denied as moot.

**IV.    MOTION TO COMPEL RESPONSES TO INTERROGATORIES [doc. #348]**

Defendants' Joint Motion To Compel responses to Defendants Joint Third set of Interrogatories is granted. The Federal Rules provide that the Parties to an action "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

The Court finds that answers to these interrogatories will present relevant facts on issues of commonality and typicality. Plaintiffs reside in quite different geographical areas and purchase a wide variety of seed products with varied traits. The Court is not persuaded that the questions only request speculative answers. If any Plaintiff cannot give an answer without speculating, she or he can accordingly respond. Expert witnesses for Plaintiffs will likely rely on testimony of Plaintiffs. If Plaintiffs answer, "I don't know," in response to any of these questions, expert witnesses from both sides of the case will have the same information upon which to base their opinion. If Defendants are denied answers to these interrogatories, Plaintiffs will enjoy a substantial benefit and Defendants will suffer prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Monsanto Company's Motion for Protective Order [doc. #321] is **GRANTED, in part.** Plaintiffs shall produce, within thirty (30) days, the identity of each state in which each Plaintiff has purchased genetically modified seed. Within thirty days thereafter, Defendant Monsanto shall provide to Plaintiffs' counsel, records of every sale from January 1996 through May 1, 2009 to each person and entity identified in the proffered Second Amended Master Consolidated Class Action Complaint and any Plaintiff or entity ever known since January 1, 1996.

Within ten days from this date, Plaintiffs shall review all 1,816 requests for admission and delete all such requests which solicit information regarding genetically modified seed manufactured by Defendant Monsanto before 1996. Defendant Monsanto shall then have thirty days to answer all Requests For Admission.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Second Amended Master Consolidated Class Action Complaint [doc. #324] is **DENIED, in part** and **GRANTED,**

**in part.** The only amendments that will be permitted are those specifically allowed above. All other amendments are denied. Plaintiffs shall file their Second Amended Complaint within ten days of this date.

**IT IS FURTHER ORDERED** that Defendant Monsanto Company's Motion for Modification of the Court's February 2, 2009 Discovery Order Concerning Production of License Agreements [doc. #338] is **DENIED, as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Cross-Motion to Compel Defendant Monsanto Company's Compliance with February 2, 2009 Order [doc. #347] is **DENIED, as moot.**

**IT IS FURTHER ORDERED** that Defendants' Joint Motion to Compel Responses to Defendants' Joint Third Set of Interrogatories to Each Plaintiff [doc. #348] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Parties shall, within ten days, present to the Court a joint recommendation for amending the Case Management Order.

Dated this 20th Day of April, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE