UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HILMER SCHOENBAUM, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 4:05CV01108 ERW ) |
| E.I. DUPONT DE NEMOURS AND COMPANY, PIONEER HI-BRED INTERNATIONAL, INC., and MONSANTO COMPANY, | ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Clarify and/or Correct April 20, 2009 Memorandum and Order [doc. #362]. By Memorandum and Order dated April 20, 2009, this Court denied, in part, and granted, in part, Plaintiffs' Motion for Leave to File Second Amended Master Consolidated Class Action Complaint [doc. #324]. Plaintiffs now ask that the Court remove a reference that they assert is an inaccurate reading of the operative pleadings and clarify whether the Court intended to permit Plaintiff Scholl to also assert claims on behalf of the proposed Indiana Genetically-Modified Corn Seed Purchaser Class.

Plaintiffs state that they are bringing this motion pursuant to Fed. R. Civ. P. 59(e), however, the Court's Memorandum and Order was not a judgment, and therefore Defendant's Motion does not fall within Fed. R. Civ. P. 59(e). As a result, the Court must construe Plaintiffs' motion according to the type of relief sought. *See Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. Of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998); *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).

**I.    QUOTES RELATED TO STATEWIDE CLASSES**

Plaintiffs asked the Court for leave to amend their complaint to permit them to reorganize their federal antitrust claims on behalf of thirteen-state purchaser classes instead of individual statewide classes. In the Court's Memorandum and Order dated April 20, 2009, the Court quoted two statements that were made by Plaintiffs' counsel at a hearing held on May 24, 2006. Specifically, the Memorandum and Order noted that "[i]n the past, Plaintiffs consistently asserted to the Court that the 'classes are state only classes' and that 'the market should be determined on a statewide basis, not on a nation or multistate basis.'" The Court found that the change Plaintiffs' sought was significant and would cause prejudice to Defendants, and the Court denied Plaintiffs' request for this amendment.

In their pending Motion, Plaintiffs note that other operative complaints have been accepted by the Court in the time since these statements were made, and assert that utilizing these quotes "is contrary to the pleadings . . . that this Court has already sustained." The Court finds that the removal of these quotes would not be appropriate. The relief Plaintiffs seek is not available under Fed. R. Civ. P. 59(e), Fed. R. Civ. P. 60(a), or Fed. R. Civ. P. 60(b). Plaintiffs assert that the Court may use its "inherent authority" to make this change, however, the Court's utilization of these quotes was intentional, and the Court declines to remove an accurate quote from this Memorandum and Order, especially where the removal would serve no apparent purpose.

## II.     PLAINTIFF SCHOLL

Plaintiffs state that it is unclear from the Court's Memorandum and Order dated April 20, 2009 whether the Court intended grant Plaintiffs leave to amend to add Plaintiff Scholl to represent the proposed Indiana Genetically-Modified Corn Seed Purchaser Class in addition to his current status as a proposed representative of the Indiana Roundup Ready Soybean Seed Purchaser Class.

The Court construes this Motion as a Motion to Correct Clerical Errors under Federal Rule of Civil Procedure 60(a). This Rule deals with the correction of clerical errors or errors that arise from

oversight or omission. Orders may be corrected for the purpose of accurately reflecting "a decision that the Court actually made," and cannot be used to change something that was deliberately done by the court. *Truskoski v. ESPN*, 60 F.3d 74, 77 (2nd Cir. 1995). A motion to correct "clerical mistakes or errors" may be made "at any time." *Krispin v. May Dept. Stores Co.*, 218 F.3d 919, 925 (8th Cir 2000); *see* Fed. R. Civ. P. 60(a).

Plaintiffs state that the Court's Memorandum and Order contains language indicating an intent to permit this amendment, but assert that the Court did not specifically address this amendment. Based upon the statements in the Memorandum and Order that indicate the Court's intent, the Court believes that granting Plaintiffs' Motion pursuant to Fed. R. Civ. P. 60(a) is appropriate. The Court intended to permit Plaintiffs to make this amendment. The Court found "that the discovery had been extensive on this issue, and Defendants would not be significantly prejudiced." Plaintiffs shall amend their Complaint to add Plaintiff Scholl as the representative for the proposed Indiana Genetically-Modified Corn Seed Purchaser Class in addition to his current status as a proposed representative of the Indiana Roundup Ready Soybean Seed Purchaser Class.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Clarify and/or Correct April 20, 2009 Memorandum and Order [doc. #362] **is GRANTED, in part, and DENIED, in part.**

**IT IS FURTHER ORDERED** that the Joint Proposed Amended Scheduling Plan and Plaintiff's Second Amended Consolidated Class Action Complaint shall be filed by **May 29, 2009.**

Dated this 20th Day of May, 2009.

                                                                               *E. Richard Webber*
                                                                               E. RICHARD WEBBER
                                                                               UNITED STATES DISTRICT JUDGE

3